UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

ANTWAN RUSH,                          )
                                      )
                 Plaintiff,           )
                                      )
        v.                            )     No. 1:24-cv-00544-JRO-CSW
                                      )
RACHELLE BROWER,                      )
JOHN MERSHON,                         )
MARTIAL KNEISER,                      )
                                      )
                 Defendants.          )

**ORDER GRANTING DEFENDANT'S MOTION
FOR JUDGMENT ON THE PLEADINGS**

Plaintiff Antwan Rush pursues 42 U.S.C. § 1983 claims of Eighth Amendment deliberate indifference against Defendants for medical treatment he received at Pendleton Correctional Facility. Dkt. 13. Defendant Rachelle Brower has filed an unopposed motion for judgment on the pleadings pursuant to Feb R. Civ. P. 12(c). Dkt. [22]. She asserts that Rush's claims against her are barred by the applicable two-year statute of limitations. The Court agrees and dismisses all claims against Brower.

**I.**

**STANDARD OF REVIEW**

After the pleadings are closed, but early enough not to delay trial, a defendant may move for judgment on the pleadings if a complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings is governed by the same standard as a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). *Adams v. City*

*of Indianapolis*, 742 F.3d 720, 727-28 (7th Cir. 2014).  To survive a motion for judgment on the pleadings, a complaint must state a claim for relief that is plausible on its face.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim has factual plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Defendant Dr. Martial Kneiser—who has not moved for judgment on the pleadings—has yet to be served or to answer.  *See* dkt. 26.  Normally, because Fed. R. Civ. P. 12(c) authorizes filing a motion for judgment on the pleadings "[a]fter the pleadings are closed[,]" a Fed. R. Civ. P. 12(c) motion must await the answers of all defendants.  However, courts have exercised their discretion to permit a motion on the pleadings before all defendants have filed an answer where no prejudice to any party would result.  *See, e.g.*, *Jung v. Ass'n of Am. Med. Colls.*, 339 F. Supp. 2d 26, 35 (D.D.C. 2004) (noting that, because a Fed. R. Civ. P. 12(c) motion is essentially the same as a Fed. R. Civ. P. 12(b)(6) motion, a Fed. R. Civ. P. 12(c) motion can be considered before all defendants answer); *Moran v. Peralta Cmty. Coll. Dist.*, 825 F. Supp. 891, 894 (N.D. Cal. 1993) (although one defendant had not been served, "the pleadings may be treated as closed for purposes of [the Fed. R. Civ. P. 12(c)] motion").  Plaintiff has not objected to the timing of the Fed. R. Civ. P. 12(c) motion, and the Court finds no undue prejudice to any party in ruling on the motion.  The Court exercises its discretion to rule on the instant motion despite Dr. Kneiser having not yet been served.

## II.

## FACTUAL AND PROCEDURAL BACKGROUND

Rush's factual allegations are accepted as true at the pleadings stage.  *See Lisby v. Henderson*, 74 F.4th 470, 472 (7th Cir. 2023).  Rush ruptured his Achilles tendon while playing basketball at Pendleton Correctional Facility on April 17, 2021.  Dkt. 1-2 at 3; Dkt. 13 at 2.  Rush received a cane from Dr. Martial R. Kneiser, who told him to elevate his leg.  Dkts. 1-2 at 4; Dkt. 13 at 3.  As it relates to Brower, the complaint alleges that at some point between the injury and June 12, 2021, Brower confiscated Rush's cane.  Dkts. 1-2 at 4; Dkt. 13 at 3.  "Consequently, on 6/12/21 while walking to the restroom I hurt myself again."  Dkt. 1-2 at 4.

Rush filed this action on January 19, 2024, in the Circuit Court of Putnam County, Indiana.  Dkt. 1-2.  On March 25, 2024, Brower and then-defendants Pendleton Correctional Facility and Christina Conyers removed this action— formerly *Rush v. Pendleton Corr. Facility*, No. 67C01-2401-PL-000002—to this Court pursuant to 28 U.S.C. §§ 1441, 1446.[1]  Defendant Brower then moved for judgment on the pleadings on July 30, 2025.  Dkt. 22.

## III.

## DISCUSSION

Rush's constitutional claim against Brower is pursuant to 42 U.S.C. § 1983.  Constitutional claims under 42 U.S.C. § 1983 "do not have a built-in

---

[1] Defendant John Mershon noticed his consent to the removal on March 28, 2024.  Dkt. 8.

statute of limitations; instead, they borrow state statutes of limitations and tolling rules for general personal injury actions." *Talevski ex rel. Talevski v. Health & Hosp. Corp. of Marion Cnty.*, 6 F.4th 713, 721 (7th Cir. 2021) (citations omitted). "The pertinent Indiana statute of limitations is two years." *Devbrow v. Kalu,* 705 F.3d 765, 767 (7th Cir. 2013) (citing Ind. Code § 34-11-2-4) (further citation omitted). Under federal common law, an Eighth Amendment claim brought pursuant to § 1983 accrues "when a person knows his injury and its cause." *Id.* at 768 (quoting *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012)). "[T]he relevant injury for statute-of-limitations purposes is not the intangible harm to the prisoner's constitutional rights but the physical injury caused by the defendants' indifference to the prisoner's medical needs." *Id.*

As it relates to Brower, the complaint alleges that Rush was injured no later than June 12, 2021, when he "hurt [him]self again" because Brower had confiscated his cane. Dkt. 1-2 at 4. It is unclear what Rush means when he says he "hurt [him]self again" because he lacked a cane. Dkt. 1-2 at 4. In other words, it is unclear whether the June 12, 2021 injury that he attributes to lacking a cane was (1) a new injury, (2) an exacerbation of the April 17, 2021 Achilles tendon tear, or (3) just a momentary experience of pain that had no effect whatsoever on the sequela of the Achilles tendon tear. We give Rush the benefit of the doubt on this Rule 12(c) motion and assume that the June 12, 2021, injury he alleges was a new, compensable injury that Brower caused.

We note, however, that construing the allegations in Rush's favor for purposes of this motion in no way precludes the remaining defendants from

4

seeking discovery and potentially establishing different facts about the cause, nature, and extent of any injury (or lack thereof) alleged in the complaint.

In any case, Rush's claim against Brower accrued on June 12, 2021, because the complaint alleges he knew he was injured "again" and knew that it was a "[c]onsequen[ce]" of Brower's confiscation of his cane. *Devbrow*, 705 F.3d at 768. More than two years passed between June 12, 2021, and the filing of this action in the Circuit Court of Putnam County on January 19, 2024. There is no obvious factor that tolls the statute of limitations, and Rush makes no such argument (because he failed to respond to the motion for judgment on the pleadings after having almost eight months to do so). Rush's claim against Brower is thus barred by the applicable statute of limitations.

## V.

## CONCLUSION

Defendant Brower's unopposed motion for judgment on the pleadings, dkt. [22], is **GRANTED.** All claims against Brower are **DISMISSED** with prejudice. The **clerk is directed** to terminate Rachelle Brower as a defendant on the docket.

**IT IS SO ORDERED**.

Date: 3/30/2026

_____

Justin R. Olson
United States District Judge
Southern District of Indiana

Distribution:

ANTWAN RUSH
139414
CORRECTIONAL INDUSTRIAL FACILITY (CIF)
CORRECTIONAL INDUSTRIAL FACILITY
Inmate Mail/Parcels
5124 West Reformatory Road
PENDLETON, IN 46064

Jeb Adam Crandall
BLEEKE DILLON CRANDALL ATTORNEYS
jeb@bleekedilloncrandall.com

Abigail Davis
Lewis, Wagner, & Trimble
adavis@lewiswagner.com

Alexander Thomas Myers
Office of Indiana Attorney General
amyers@tresslerllp.com

Eric Ryan Shouse
Lewis & Wilkins LLP
shouse@lewisandwilkins.com

Jacob Paul Zurschmiede
Littler Mendelson
jzurschmiede@littler.com

Martial Knieser
[restricted address at dkt. 32]

6